UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LATRINDA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| CITY OF ROSWELL, | ) | |
| WILLIAM GILES, individually, | ) | |
| PAUL REID, individually, | ) | |
| STUDIO MOVIE GRILL | ) | |
| HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES

COMES NOW Plaintiff Latrina Williams and brings this action against

Defendants under 42 U.S.C. § 1983, the Fourth Amendment of the United States

Constitution, and Georgia law. In support thereof, Plaintiff offers the following:

*Parties*

1.      Plaintiff Latrinda Williams("Plaintiff") is a United States citizen and

resident of Georgia and over the age of eighteen.

2.      Defendant Officer William Giles ("Officer Giles") is employed as a

police officer by the City of Roswell. Officer Giles is sued in his

1

individual capacity. At all times relevant to the complaint, Officer Giles acted under the color of law.

3.      Defendant Officer Paul Reid ("Officer Reid", collectively with Officer Giles, "the Officers") is employed as a police officer by the City of Roswell. Officer Reid is sued in his individual capacity. At all times relevant to this complaint, Officer Reid acted under the color of law.

4.      Defendant City of Roswell is a municipal corporation created under the laws of the State of Georgia. At all times relevant to this complaint, the City of Roswell employed Officer Giles and Officer Reid as police officers with the City's police department.

5.      Defendant Studio Movie Grill Holdings, LLC are Texas limited liability company headquartered at 8350 N. Central Expressway, Suite 400, Dallas, TX.

6.      Studio Movie Grill Holdings, LLC owns and operates the Studio Movie Grill located at 2880 Holcomb Bridge Road in Roswell, Georgia.

7.      The registered agent for Studio Movie Grill Holdings, LLC is Capitol Corporate Services, Inc., which is located at 800 Brazos, Suite 400,

2

Austin, Texas 78701.

*Jurisdiction and Venue*

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331

        because this case presents a federal question under 42 U.S.C. § 1983

        and the Fourth, First and Fourteenth Amendments of the United States

        Constitution.

9.      This Court has supplemental jurisdiction over Plaintiff's state law

        claims under 28 U.S.C. § 1367.

10.     Upon service of process, this Court acquires personal jurisdiction of

        the Defendants under Fed.R.Civ.P. 4(k)(1)(a).

11.     Venue is proper in the Northern District of Georgia under 28 U.S.C. §

        1391(b) because all actions complained of occurred within the

        boundaries of this district and Defendants reside within this district.

*Facts Giving Rise to Plaintiff's Claims*

12.     On August 17, 2014, Plaintiff traveled to the Studio Movie Grill ("the

        theater") located at 2880 Holcomb Bridge Road. Plaintiff planned to

        see a movie with an acquaintance.

13.     Studio Movie Grill is a combination restaurant and movie theater,

wherein patrons can order food and eat as they watch a movie.

14.     Plaintiff arrived first to the theater. Upon her arrival, she printed two previously purchased tickets from the theater's ticket kiosk.

15.     Plaintiff also purchased two $50 gift card from the theater and paid using her credit card.

16.     Plaintiff's companion joined her after she completed the purchase. After purchasing tickets, they entered the movie theater and ordered food.

17.     Plaintiff and her companion ordered food and watched one movie. After the movie, Plaintiff paid for the order using one of the gift cards she previously purchased.

18.     Plaintiff and her companion then watched a second movie using tickets previously purchased by Plaintiff. They again ordered food and ate as they watched the second movie.

19.     After the second movie, when it was time to pay for their food order, Plaintiff used one of the gift cards to pay the bill.

20.     Soon thereafter, a Studio Movie Grill employee entered the theater and accused Plaintiff of using a stolen gift card to pay her bill.

4

21.      Plaintiff stated that the gift card was not stolen and she had recently
         purchased it.

22.      At some time prior to the employee's conversation with Plaintiff, a
         Studio Movie Grill employee called the Roswell Police Department
         and, on information and belief, reported an attempted theft.

23.      The Roswell Police Department dispatched two officers to the scene.
         Those police officers are Officers Giles and Officer Reid.

24.      As Plaintiff walked out of the theater and toward the lobby, she then
         called a friend who is an attorney to tell the friend what was
         happening. As Plaintiff entered the lobby, she held her telephone to
         her ear.

25.      As Plaintiff walked into the lobby, two Roswell police officers entered
         through the front doors.

26.      Plaintiff approached one of the officers. That officer asked Plaintiff
         what was happening. Plaintiff responded that the theater employee
         accused her of stealing a gift card.

27.      Without any additional evidence and lacking probable cause or
         reasonable suspicion, that officer then ordered and motioned to

Plaintiff to exit the theater to speak with him. Plaintiff, seized, then exited the theater alongside the officer.

28. Outside of the theater, the second officer approached Plaintiff and ordered her to get off her phone, but Plaintiff had already ended the phone call.

29. Plaintiff responded that she was no longer on the phone and would speak with the officers.

30. The second officer became confrontational with Plaintiff. That officer stated that Plaintiff could be arrested for attempting to flee, resisting arrest, disorderly conduct, and theft of services even though the officers lacked any semblance of reasonable suspicion or probable cause for those offenses.

31. Plaintiff responded by calmly asking the officer, "You would say some shit like that?"

32. During her conversation with the officer, Plaintiff did make any aggressive gesture, assume an aggressive posture, or do anything else that would cause the officer to believe the posed any threat.

33. In retaliation for Plaintiff making this constitutionally protected

6

statement criticizing the officers' wild accusations, and based upon the viewpoint expressed by the Plaintiff, the second officer then told Plaintiff to turn around and put her hands behind her back and that she was under arrest for disorderly conduct. The second officer placed Plaintiff under arrest by placing her in handcuffs and taking Plaintiff to his patrol car.

34.     The officers then arrested Plaintiff and transported her to the City of Roswell jail. Both Officer Giles and Reid participated in Plaintiff's arrest.

35.     Plaintiff was held in the City of Roswell jail and required to pay a cash bond to be released.

36.     Plaintiff was ultimately charged with disorderly conduct under City Code § 13.1.1, and hindrance of a law enforcement officer under City Code § 13.1.9.

37.     Both of Plaintiff's charges were dismissed by the prosecutor in the City of Roswell Municipal Court.

38.     As a result of Plaintiff's arrest, she suffered a loss of his liberty, reputational damage, humiliation, and emotional distress.

## Count I
*For declaratory judgment and injunctive relief*
*against the City of Roswell*

39.     This Count is alleged against the City of Roswell for declaratory judgment and injunctive relief against the continued enforcement of § 13.1.1(b)(14) of the City of Roswell Code of Ordinances, on its face and as applied here to the use of a passing expletive criticizing police conduct, because the ordinance violates the First Amendment of the United States Constitution, and is vague and overbroad under the First and Fourteenth Amendments.

40.     Exhibit A is a true and accurate copy of Code § 13.1.1 which is currently in effect and represents a policy and practice of the City of Roswell.

41.     Code § 13.1.1(b)(14) criminalizes the act of using "profane or obscene language in public" without providing a legal definition for obscenity, without providing other constitutional standards, and despite the fact that profanity standing alone is constitutionally protected.

42.     Plaintiff charged with violating Code § 13.1.1(b)(14).

43.     Under the First Amendment, it is clearly established in decades old

materially similar Supreme Court and Eleventh Circuit precedent that it is illegal to criminalize the use of profane language simply because that language is uttered in public.

44.     Code § 13.1.1(b)(14) is facially unconstitutional because it is overbroad and void for vagueness under the First and Fourteenth Amendment.

**Count II**
*For declaratory judgment and injunctive relief*
*against the City of Roswell*

45.     Exhibit B is a true and accurate copy of Code § 13.1.9, which is currently in effect and represents a policy or practice of the City of Roswell.

46.     Code § 13.1.9 makes it a crime to "in any manner oppose or interfere, by acts or menaces, any police officer in the discharge of his official duties, or strike, assault, molest or abuse such officer."

47.     Plaintiff was charged with violating Code § 13.1.9.

48.     The phrase "in any manner oppose" is facially unconstitutional because it is void for vagueness under the Fourteenth Amendment and unconstitutionally overbroad under the First Amendment, on its face

and as applied here to the use of a passing expletive criticizing police

conduct.

## Count III
*Violation of the Fourth Amendment under 42 U.S.C. § 1983*
*against Officer Reid, Officer Giles, and the City of Roswell*

49.     This Count is alleged against Officers Reid and Giles in their

individual capacities under 42 U.S.C. § 1983 and the Fourth

Amendment of the United States Constitution for the unlawful seizure

and false arrest of Plaintiff.

50.     The facts within the Officers' knowledge were not sufficient to

establish probable cause that Plaintiff committed the crime of

disorderly conduct or any other criminal offense.

51.     Based upon the facts known by the Officers, no reasonable police

officer could believe that probable cause existed to arrest Plaintiff, and

there was no arguable probable cause for her arrest.

52.     The Officers each acted with conscious indifference and reckless

disregard for the consequences of their actions such that an award of

punitive damages is authorized under federal law.

## Count IV
*Violation of the First Amendment under 42 U.S.C. §1983*

*against Officer Reid, Officer Giles and City of Roswell*

53.     This Count is alleged against Officers Reid and Giles and the City of

        Roswell  under 42 U.S.C. § 1983 and the First Amendment of the

        United States Constitution for retaliation against Plaintiff for the

        exercise of rights protected by the First Amendment and based upon

        the viewpoint expressed which criticized police conduct and for arrest

        predicated on unconstitutional ordinances that violate the First and

        Fourteenth Amendments.

54.     Officers Reid and Giles were solely motivated to arrest Plaintiff by

        Plaintiff's question and comment, "you would say some shit like

        that?"

55.     The passing use of profanity is constitutionality protected speech and

        Plaintiff's statement did not rise to the level of fighting words.

56.     Plaintiff's arrest constituted an adverse action that was taken in

        retaliation for her statement.

57.     An arrest made in retaliation for the expression  of a  constitutionally

        protected viewpoint constitutes an adverse action that would deter a

        person of ordinary firmness from exercising her constitutional rights.

11

58.     The arrest were also caused by vague and overbroad ordinances of the City of Roswell that constitute policies of that Defendant.

**<u>Count V</u>**
*Violation of State law against Officers Reid and Giles*
*under OCGA §§ 51-7-20, 51-7-13, and 51-7-14*

59.     This Count is alleged against Officers Reid and Giles in their individual capacities.

60.     By placing Plaintiff under arrest, Officers Reid and Giles subjected Plaintiff to an unlawful detention in violation of OCGA § 51-2-70, and committed an assault and battery against Plaintiff in violation of OCGA §§ 51-1-13 and 51-1-14.

61.     Officers Reid and Giles acted with actual malice toward Plaintiff. In making the decision to arrest Plaintiff, Officers Reid and Giles each possessed the deliberate intent to do wrong.

62.     Officers Reid and Giles' actions were malicious, reckless, and callously indifferent to Plaintiff's clearly established rights.

63.     Officers Reid and Giles are not entitled to official immunity under Georgia law.

**<u>Count VI</u>**
*Violations of State law against the City of Roswell*

12

*under OCGA §§ 51-7-20, 51-1-13, and 51-1-14*

64.     This Count is alleged against the City of Roswell.

65.     Plaintiff provided the City ante litem notice which was delivered via certified mail on November 20, 2014.

66.     The City of Roswell has purchased liability insurance that provides coverage and indemnification for liability arising from the operations of the City's police department and the conduct of law enforcement officers employed by the City. That policy was in effect at all times relevant to this Complaint.

67.     The purchase of liability insurance constitutes a limited waiver of sovereign immunity by the City of Roswell.

68.     The City of Roswell's insurer responded to Plaintiff's ante litem notice and declined to settle the potential lawsuit or engage in any settlement discussions.

69.     During the course of his employment and while fulfilling their official duties, Officers Reid and Giles violated OCGA § 51-7-20 by unlawfully placing Plaintiff under arrest and violated OCGA §§ 51-1-13 and 51-1-14.

13

70.     The City is liable for the intentional and negligent actions of Officer

        Reid and Giles under the doctrine of respondeat superior for violations

        of State law. Under that doctrine, the City is not entitled to present a

        defense of official immunity.

### Count VII
*False Imprisonment under OCGA § 51-7-20*
*against Studio Movie Grill*

71.     The decision to arrest Plaintiff was based, in part, on the information

        communicated to the Officers by employees of Studio Movie Grill.

72.     Studio Movie Grill employees stated to one or both of the Officers

        that Plaintiff was disruptive and attempted to use a stolen gift card to

        pay for her order.

73.     Plaintiff was not disruptive and did not attempt to use a stolen gift

        card to pay for her purchase.

74.     Studio Movie Grill directly and indirectly urged one or both of the

        Officers to arrest Plaintiff and institute criminal proceedings against

        her.

75.     Studio Movie Grill provided information to one or both of the Officers

        which was known to be false and unduly influenced the decision to

arrest Plaintiff.

76.     Based upon the foregoing, Studio Movie Grill is liable for Plaintiff's

arrest under OCGA § 51-7-20.

77.     Based upon the foregoing, Studio Movie Grill acted negligently in

failing to confirm that Plaintiff's gift card was not stolen and failed to

follow internal policies and procedures related to reporting possible

thefts to the police. Studio Movie Grill's negligence was the proximate

cause of Plaintiff's arrest.

## COUNT VIII
*Expenses of Litigation under OCGA § 13-6-11*
*Against all Defendants*

78.     Plaintiff is entitled to recover expenses of litigation under OCGA §

13-6-11 because Defendants have acted in bad faith, been stubbornly

litigious, and caused Plaintiff unnecessary trouble and expense.

79.     OCGA § 13-6-11 applies to tort actions arising under State law.

*Request for Relief*

WHEREFORE, Plaintiffs request this Court:

a.     hold a trial by jury on all issues so triable;

b.     issue a declaratory judgment finding that Code § 13.1.1(b)(14)

15

violates the First and Fourteenth Amendments;

c.       issue a declaratory judgment finding that Code § 13.1.9 violates the

First and Fourteenth Amendments;

d.       issue preliminary and permanent injunctive relief against the

continued enforcement of Code §§ 13.1.1(b)(14) and 13.1.9;

e.       Award nominal, compensatory and punitive damages against Officers

Reid and Giles in their individual capacities and the City of Roswell

in an amount to be proven at trial;

f.       Award compensatory damages against the City of Roswell under the

doctrine of respondeat superior for state law claims in an amount to be

proven at trial;

g.       Award compensatory and punitive damages against Studio Movie

Grill in an amount to be proven at trial;

h.       Award Plaintiff attorney's fees under 42 U.S.C. § 1988 and as

authorized under Georgia law;

i.       Grant such other and further relief as this Court deems just and proper.

Respectfully submitted, this 5th day of May, 2015.

s/Gerald Weber                                s/Jeffrey R. Filipovits
Gerald Weber                                  Jeffrey R. Filipovits

16

Georgia Bar No. 744878                    Georgia Bar No. 825553

LAW OFFICES OF GERRY WEBER              FILIPOVITS LAW FIRM, PC
P.O. Box 5391                           2900 Chamblee-Tucker Road
Atlanta, GA 31107                       Building 1
Phone: (404) 522-0507                   Atlanta, Georgia 30341
wgerryweber@gmail.com                   Phone: 770-455-1350
                                        jeff@law.filipovits.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LATRINDA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| CITY OF ROSWELL, | ) | |
| WILLIAM GILES, individually, | ) | |
| PAUL REID, individually, | ) | |
| STUDIO MOVIE GRILL | ) | |
| HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **VERIFICATION**

I, Latrinda Williams, personally appeared before the undersigned officer and after being first duly sworn, deposes and states on oath and under penalty of perjury that the facts set forth in the within and foregoing Complaint are true and correct to the best of my knowledge and belief.

_____
Latrinda Williams

Sworn to and subscribed before me
this ___8ᵀᴴ___ day of April, 2015.

_____
Notary Public

HEIDI HONIS
NOTARY PUBLIC, DEKALB COUNTY, GEORGIA
MY COMMISSION EXPIRES NOVEMBER 10, 2015